## Matychuck v. Purnell

*Harold H. Prince*, for plaintiff.

*C. Edmund Wells* and *Aaron S. Swartz, 3rd*, for defendant.

FORREST, J., June 8, 1957.—In this action in trespass for accidental personal injuries, defendant filed a motion under Pa. R. C. P. 4010 for an order directing

plaintiff to submit to a physical examination and to X-ray examination and photography by two named physicians located in Philadelphia, and, under Pa. R. C. P. 4009, to produce and permit the inspection, copying or photographing of "All hospital records including but not limited to those of the Memorial Hospital of Pottstown, all X-rays, any other tangible thing that will aid the physicians aforesaid in the diagnosis and prognosis of the plaintiff's injuries," insofar as such documents are referable to the accidental injuries. Plaintiff objected to the entry of such an order. Therefore, the matter was placed on the argument list.

Pennsylvania Rule of Civil Procedure 4010 provides that: "The court . . . may order a party to submit to a physical . . . examination by a physician when his physical . . . condition is in controversy in the action." However, Pa. R. C. P. 4011 specificially states that: "No discovery or inspection shall be permitted which (a) is sought in bad faith . . ."

In his brief, counsel for plaintiff contends that Dr. Glocker, acting on behalf of defendant, examined plaintiff shortly after the accident in 1955 and also in 1957, and that nothing new can be disclosed by a further examination by two additional doctors at this time. "The allowance of more than one examination is a matter wholly within the discretion of the court": Goodrich-Amram Civ. Pract., vol. 4, p. 192. ". . . the court may prevent a second or third physical examination, if there is really nothing new to be discovered, but the device is being used to put pressure on the plaintiff to settle": Goodrich-Amram, op. cit., vol. 4, p. 203. If there were evidence that, actually, nothing new is sought through the additional examinations, the conclusions might follow that defendant is proceeding in bad faith: Goodrich-Amram, op. cit. p. 193. However, there is no such evidence here, neither party having

taken depositions. The physical examinations of plaintiff, which defendant requests, should be allowed.

Should defendant be granted access to the documents listed in her motion? Pa. R. C. P. 4009 provides that: ". . . the court . . . may (1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control; . . ."

Plaintiff may undoubtedly examine, copy and photograph the hospital's records of his case for his own use if he makes proper request of the hospital, and what he can do for himself he should be ordered to allow to be done for defendant who otherwise will be deprived of access to such records and X-rays prior to the trial. However, such order should be qualified to the extent provided by Pa. R. C. P. 4011(d) forbidding discovery which "would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; . . ." Therefore, plaintiff need not permit inspection of hospital records and X-rays made or taken, not in the course of treatment, but solely in anticipation of litigation or in preparation for trial: Fetterolf v. Levick, 80 D. & C. 523 at 526 (1952). However, as indicated above, hospital records and X-rays made or taken in the course of treatment must be disclosed.

Defendant's motion is not only particular, but general in scope, in that she seeks to inspect "any other tangible thing that will aid the physicians aforesaid

510

in the diagnosis and prognosis of the plaintiff's injuries." To this extent, the motion is unauthorized by the rule, which specifies that the tangible things to be inspected be *designated*.

And now, June 8, 1957, it is ordered that plaintiff, Lawrence P. Matychuck, submit to a physical examination by Dr. Richard Kaplan, 1930 Chestnut Street, Philadelphia, and to X-ray examination and photography by Dr. A. E. Colcher, 269 South 19th Street, Philadelphia, and that plaintiff produce or in writing authorize the production and permit the inspection, copying or photographing of records of Memorial Hospital of Pottstown and X-rays, insofar as such records and X-rays are referable to the injuries sustained by plaintiff as a result of the accident out of which this action arises and insofar as such records and X-rays are in plaintiff's possession, custody or control, exclusive, however, of such records and X-rays, if any, made or secured by plaintiff, or by any person at plaintiff's request, solely in anticipation of litigation or in preparation for trial.